IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHIRETHA COLE | : | CIVIL ACTION No. _____ |
| Plaintiff | : | |
| | : | JURY TRIAL DEMANDED |
| vs. | : | |
| WALMART, INC. | : | |
| WAL-MART STORES EAST, LP | : | |
| WAL-MART REAL ESTATE | : | |
| BUSINESS TRUST | : | |
| Defendants. | : | |

**DEFENDANTS WALMART, INC., WAL-MART STORES EAST, LP, AND WAL-MART REAL ESTATE BUSINESS TRUST'S. NOTICE OF REMOVAL**

Defendants Walmart, Inc., Wal-Mart Stores East, LP, and Wal-Mart Real Estate Business Trust. (hereinafter referred to collectively as "Defendants" or "Walmart"), by and through their undersigned counsel, Law Offices of McDonnell & Associates, P.C., hereby file this Notice of Removal pursuant to 28 U.S.C. § 1441(a) and (b) and § 1446(b) and (c)(2) to remove this action from the Philadelphia County Court of Common Pleas, June Term, 2020, No. 01192 where it is currently pending to the United States District Court for the Eastern District of Pennsylvania and in support thereof aver as follows:

1. On or about June 22, 2020, Plaintiff Shiretha Cole (hereinafter "Plaintiff"), initiated this civil action by filing a Complaint in the Court of Common Please of Philadelphia County, April Term, 2020, No. 0001149. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A."

2. Plaintiff claims that she sustained injuries when she slipped "on a wet/slimy substance on the floor in or near the women's clothing/changing room section" of a Walmart Store located at 6535 Grayson Road in Harrison, Pennsylvania on November 12, 2018. See Exhibit "A," ¶¶ 6, 8.

3. Defendants were purportedly served by mail on June 27, 2020 by first class mail, which is within thirty (30) days of the filing of this Notice of Removal; thus removal is timely.

4. Plaintiff's Complaint alleges that as a result of this alleged incident, she sustained "various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including but not limited to: right ankle injury requiring surgical intervention, lumbar sprain/strain, cervical sprain/strain, headache, bilateral hands sprain/strain, and any other ills, injuries. . .." Exhibit "A," ¶¶ 12, 19, 26.

5. Plaintiff's Complaint contains an *ad damnum* clause demanding damages from Defendants in excess of $50,000. *See* Exhibit "A," *ad damnum* clause.

6. Plaintiffs are diverse from the Walmart Defendants, all of which were purportedly served on June 27, 2020, which is within thirty (30) days of the filing of this Notice of Removal.

7. For the reasons set forth more fully below, this Court has original jurisdiction over the subject matter under 28 U.S.C. § 1332 because the properly jointed parties are citizens of different states and the amount in controversy exceeds $75,000.

A. **PLAINTIFFS ARE DIVERSE FROM ALL PROPERLY JOINED DEFENDANTS**

8. Plaintiff purportedly resides at 2721 Green Street, Apt. B, Harrisburg, PA 17111; therefore, Plaintiff is a resident and citizen of the Commonwealth of Pennsylvania. *See* Exhibit "A."

9. Defendant Walmart Inc. is a Delaware corporation with its primary place of business located in Bentonville, Arkansas.

10. Accordingly, Walmart Inc. is a citizen of Delaware and Arkansas.

11. Defendant Wal-Mart Stores East, LP is a Delaware limited partnership with its principal place of business located in Bentonville, Arkansas.

12. Accordingly, Wal-Mart Stores East, LP is a citizen of Delaware and Arkansas.

13. Walmart Inc., formerly known as Wal-Mart Stores, Inc., is the ultimate and sole (100%) owner of Wal-Mart Stores East, LP, through various wholly-owned operating entities as follows: Walmart Inc. (WMI) is the sole (100%) owner of Wal-Mart Stores East, LLC (WMSE), which is an Arkansas limited liability company with its principal place of business in Arkansas. Wal-Mart Stores East, LLC, is the sole (100%) owner of WSE Management, LLC, and WSE Investment, LLC, which are both Delaware limited liability companies whose principal places of business are in Arkansas. WSE Investment, LLC, is the 99% owner and limited partner of Wal-Mart Stores East, LP. WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP. Accordingly, Wal-Mart Stores East, LP, is owned by two Delaware limited companies whose sole owner and shareholder is an Arkansas corporation WMSE which in turn is wholly-owned by a Delaware corporation (WMI). None of Wal-Mart Stores East, LP's limited or general partners are citizens of the Commonwealth of Pennsylvania, so the requirements of diversity jurisdiction are satisfied.

14. Defendant Wal-Mart Real Estate Business Trust is a Delaware Business Trust with its principal place of business in Bentonville, Arkansas.

15. Wal-Mart Real Estate Business Trust is a citizen of Delaware.

16. Accordingly, Plaintiffs are diverse from the properly joined Defendants, and the requirements of diversity of citizenship are satisfied.

**B. THE AMOUNT IN CONTROVERSEY EXCEEDS $75,000 EXCLUSIVE OF INTERESTS AND COSTS**

17. Removal is proper under 28 U.S.C. § 1446(c)(2)(A)(ii), which allows a defendant to assert an amount in controversy in its notice of removal if the initial pleading seeks a money judgment when the state practice either precludes a plaintiff from demanding a specific sum or permits a plaintiff to recover damages in excess of the amount demanded.

18. Plaintiff alleges that she sustained "various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including but not limited to: right ankle injury requiring surgical intervention, lumbar sprain/strain, cervical sprain/strain, headache, bilateral hands sprain/strain, and any other ills, injuries. . . .." Exhibit "A," ¶¶ 12, 19, 26.

19. Plaintiff also alleges that as a result of this incident she has "suffered great pain, anguish, sickness and agony and will continue to suffer for an indefinite time." Exhibit "A," ¶¶ 13, 20, 26.

20. Additionally, Plaintiff alleges that she sustained unspecified emotional injuries. *See* Exhibit "A," ¶¶ 14, 21, 27.

21. Plaintiff also alleges that she has incurred economic damages including past and future medical treatment. *See* Exhibit "A," ¶¶ 16, 23, 29.

22. Further, Plaintiff alleges a loss of past earnings and future earning capacity. *See* Exhibit "A," ¶ 15, 22, 28.

23. Plaintiff included an *ad damnum* clause demanding "*a*n amount in excess of $50,000." Exhibit "A," *ad damnum* clause.

24. This Court recently ruled in *Hiester, et ux. v. Wal-Mart Stores East, LP*, that a complaint seeking damages in excess of the arbitration limit of $50,000 and alleging injuries of disfigurement, ongoing medical treatment, the possibility of permanent injury, and disruption of the plaintiff's ability to function for an indefinite period of time establishes the monetary element of diversity to properly remove a case within thirty (30) days of service of the complaint. *See* a true and correct copy of the Court's Memorandum Opinion in *Hiester* attached as Exhibit "B".

25. Plaintiff's Complaint alleges serious and potentially permanent injuries and limitations similar to that which is alleged in *Hiester* and seeks damages in excess of the arbitration limit of $50,000. *See* Exhibit "A."

26. As such, Walmart submits that the amount in controversy exceeds the value of $75,000, exclusive of interest and costs.

27. This Notice of Removal is timely as it is being filed within thirty (30) days of service of Plaintiffs' Complaint.

28. The United States District Court for the Eastern District of Pennsylvania where the State Action was filed. For purposes of removal, venue lies in the Court pursuant to 28 U.S.C. § 1446(d).

29. Because the requirements for federal diversity jurisdiction pursuant to 28 U.S.C. § 1332 are satisfied, *i.e.*, complete diversity of citizenship between Plaintiffs and all properly jointed Defendants and the amount in controversy in excess of $75,000, this action is properly removable.

**WHEREFORE**, Defendants Walmart, Inc., Wal-Mart Stores East, LP, and Wal-Mart Real Estate Business Trust, respectfully request that the State Action be removed from the Court

of Common Pleas of Philadelphia County in the United States District Court for the Eastern District of Pennsylvania.

                              **MCDONNELL & ASSOCIATES, P.C.**

Dated: July 14, 2020         By:      /s/ Jill H. Fertel
                                       Patrick J. McDonnell, Esquire
                                       Jill H. Fertel, Esquire
                                       *Attorneys for Walmart Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHIRETHA COLE <br><br> Plaintiff <br><br> vs. <br><br> WALMART, INC. <br> WAL-MART STORES EAST, LP <br> WAL-MART REAL ESTATE <br> BUSINESS TRUST <br> Defendants. | CIVIL ACTION No. _____ <br><br> JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

I, Jill H. Fertel, Esquire, herby certify that on the below date, the Notice of Removal was filed with the Court and will be available for viewing and downloading from the ECF system. I also certify that a true and correct copy was served via electronic on the following:

Jason I. Manus, Esquire
Kwartler Manus, LLC
1429 Walnut Street, Suite 701
Philadelphia, PA 19102
*Attorneys for Plaintiff*

MCDONNELL & ASSOCIATES, P.C.

Dated:   July 14, 2020         By:      /s/ Jill H. Fertel
                                        Jill H. Fertel, Esquire
                                        *Attorneys for Walmart Defendants*