```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


SHIRETHA COLE,                    :     CIVIL ACTION
                                  :     NO. 20-3436
         Plaintiff,               :
                                  :
    v.                            :
                                  :
WALMART, INC., et al.,            :
                                  :
         Defendants.              :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                July 1, 2021

This is a premises liability negligence claim. Plaintiff Shiretha Cole alleges she suffered severe and permanent bodily injury after slipping and falling because of negligence attributable to Defendants Walmart, Inc., Wal-Mart Stores East, LP, and Wal-Mart Real Estate Business Trust (collectively, "Walmart").

Walmart now moves for summary judgment on the claim. Since Cole has not pointed to evidence that enables a jury to find that Walmart had actual or constructive notice of the spill, the Court will grant Walmart's motion.

**I. BACKGROUND**[1]

On November 12, 2018, Plaintiff Shiretha Cole slipped and fell on a "slime" substance while shopping in a Walmart in

---

[1] As required at the summary judgment stage, the Court views the facts "in the light most favorable" to the nonmoving party and draws "all

Harrisburg, Pennsylvania. Pl.'s Dep. 33:14-16, ECF No. 17-6. Cole testified that she did not see any substance on the ground nor any Walmart employees in the vicinity prior to her fall. Pl.'s Dep. 28:3-23. Cole testified that she slipped on "purplish, pinkish glitter . . . like a slime ball split in half." Pl.'s Dep. 33:14-16. After falling, Cole observed several Walmart employees gathered around a desk about thirty steps away. Pl.'s Dep. 35:22-36:2. Cole testified that she immediately felt sharp pain in her neck and ankle, and "jabbing pain" in her back. Pl.'s Dep. 32:2-33:7.

Wayne Snyder, the store manager, testified that employees are required to complete hourly safety sweeps to identify and clean debris. Snyder Dep. 18:10-18, ECF No. 18, Ex. B. Walmart does not formally document the completion of safety sweeps. See Snyder Dep. 22:10-24. Jillian Coley, an employee who responded to Cole's fall, testified that a safety sweep was conducted prior to Cole's fall because a group of children were creating "chaos" in the store. Coley Dep. 19:14-20:25, ECF No. 18, Ex. C. Coley testified that there was a "substance" on the children's clothing as they exited the store. Coley Dep. 21:3-4.

Photographs of the slimy substance were taken after Cole fell. See Defs.' Mot. Summ. J. Ex. C, ECF No. 17-7. Cole argues

---

reasonable inferences" in that party's favor. Young v. Martin, 801 F.3d 172, 174 n.2 (3d Cir. 2015).

that photographs of the slime show "numerous track marks" which demonstrates the spill was "not fresh" when she fell. Pl.'s Opp'n Defs.' Mot. Summ. J. 17, ECF No. 18. Conversely, Walmart argues that the photographs show the slime was "fresh, untracked, and free of dirt or debris." Defs.' Mot. Summ. J. 9, ECF No. 17-3.

Cole brought suit in the Philadelphia Court of Common Pleas. Walmart, invoking diversity jurisdiction, removed the case to this Court and now moves for summary judgment.

## II. LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" Physicians Healthsource, Inc. v. Cephalon, Inc., 954 F.3d 615, 618 (3d Cir. 2020) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "A factual dispute is genuine if the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Id. (quoting Anderson, 477 U.S. at 248).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. If the movant meets this obligation, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial."

Anderson, 477 U.S. at 250. At the summary judgment stage, the Court must view the facts "in the light most favorable to" the nonmoving party and "draw all reasonable inferences in favor" of that party. Young v. Martin, 801 F.3d 172, 174 n.2 (3d Cir. 2015).

**III. DISCUSSION**

Under Pennsylvania law, a claim for negligence requires proof of four elements:

> (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting in harm to the interests of another.

Felix v. GMS, Zallie Holdings, Inc., 827 F. Supp. 2d 430, 435 (E.D. Pa. 2011) (Robreno, J.) (citing Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 139 (3d Cir. 2005)).

While shopping at Walmart, Cole was an "invitee." See Restatement (Second) of Torts § 332 (defining "invitee" to include a "person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public"). "'Possessors of land owe a duty to protect invitees from foreseeable harm' . . . only when the possessor 'knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable

4

risk of harm to such invitee.'" Felix, 827 F. Supp. 2d at 436 (first quoting Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983); and then quoting Restatement (Second) of Torts § 343). A possessor owes a duty to an invitee when the possessor has "'actual or constructive notice' of the dangerous condition." Id. (quoting Est. of Swift v. Ne. Hosp. of Phila., 690 A.2d 719, 722 (Pa. Super. Ct. 1997)). Here, neither party points to record evidence indicating Walmart had actual notice of the condition. Accordingly, whether Walmart owes a duty to Cole depends on whether Walmart had constructive notice of the hazardous condition.

Courts rely on a variety of factors to determine constructive notice, including: "the number of persons using the premises, the frequency of such use, the nature of the defect, its location on the premises, its probable cause, and the opportunity which defendant, as a reasonably prudent person, had to remedy it.'" Id. at 437 (quoting Hagan v. Caldor Dep't Stores, Inc., No. 89-7810, 1991 WL 8429, at *4 (E.D. Pa. Jan. 28, 1991)). The time elapsed between the start of the hazard and the accident is "one of the most important factors to be taken into consideration." Neve v. Insalaco's, 771 A.2d 786, 791 (Pa. Super. Ct. 2001) (quoting Rogers v. Horn & Hardart Baking Co., 127 A.2d 762, 764 (Pa. Super. Ct. 1956)). See generally Lanni v. Pa. R.R. Co., 88 A.2d 887, 889 (Pa. 1952) (describing the

5

circumstances that establish constructive notice). The duration is critical because if a hazard "only existed for a very short period of time before causing any injury, then the possessor of land, even 'by the exercise of reasonable care,' would not discover the hazard, and thus would owe no duty to protect invitees from such a hazard." Felix, 827 F. Supp. 2d at 437 (quoting Restatement (Second) of Torts § 343).

Typically, the determination of constructive notice is made by the jury. Id. But, where the evidence "requires the jury to resort to 'conjecture, guess or suspicion,' the determination must be made by the Court." Id. (quoting Lanni, 88 A.2d at 889). Courts determine constructive notice when there is no evidence of the duration of the hazard to "guide the jury." Craig v. Franklin Mills Assocs., L.P., 555 F. Supp. 2d 547, 553 (E.D. Pa. 2008) (Robreno, J.); see, e.g., Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001) (explaining that evidence must be provided that would allow the jury to infer duration of the condition). Here, the record evidence does not establish how long the hazard was on the floor. The jury would have to speculate as to the length of time that elapsed between the spill and Cole's fall. Therefore, the Court must determine constructive notice.

Cole argues that three facts establish constructive notice: (1) presence of employees, (2) failure to document safety

6

sweeps, and (3) photographs of the slime. First, Cole argues that if the employees located near the hazard exercised reasonable care, then the employees would have discovered the slime. Pl.'s Opp'n Defs.' Mot. Summ. J. 16, ECF No. 18. Standing alone, presence of an employee near the hazard does not establish constructive notice; the plaintiff "must present evidence that the spill was there long enough for an employee to notice it." Rodgers v. Supervalu, Inc., No. 16-3641, 2017 WL 895590, at *3 (E.D. Pa. Mar. 6, 2017) (citing Craig, 555 F. Supp. 2d at 550), aff'd sub nom. Rodgers v. Moran Foods LLC, 720 F. App'x 676 (3d Cir. 2018). Additionally, presence of an employee near the hazard does not establish a lack of reasonable care. See D'Aprile v. Rolling Hill Hosp., 28 Pa. D. & C.4th 430, 435 (Pa. Ct. C.P. Montgomery Cnty. 1995) (citing Harclerode v. G.C. Murphy Co., 217 A.2d 778, 780 (Pa. Super. Ct. 1966) (holding that nearby presence of manager did not establish constructive notice)).

Here, Cole has not provided evidence that the Walmart employees approximately thirty feet away observed the hazard. The record does not indicate that the employees could see the slime from where they stood. Therefore, nearby presence of the Walmart employees alone does not establish constructive notice.

Second, Cole argues that because there is no documentation of the safety sweeps the jury should conduct a credibility

7

analysis to determine whether the safety checks occurred. Failure to follow store policy does not establish a breach of the duty of care. Hower v. Wal-Mart Stores, Inc., No. 08-1736, 2009 U.S. Dist. LEXIS 51557, at *18 (E.D. Pa. June 16, 2009); see, e.g., Boudreaux v. Swift Transp. Co., Inc., 402 F.3d 536, 543 (5th Cir. 2005) (applying Texas law) ("[A] company's self-imposed policy with regard to inspection, taken alone, does not establish the standard of care that a reasonably prudent operator would follow."). Further, the adequacy of store policy is only considered after establishing that the defendant had notice of the hazard. Felix, 827 F. Supp. 2d at 440 (citing Craig, 555 F. Supp. 2d at 550); see also Est. of Swift v. Ne. Hosp. of Phila., 690 A.2d 719, 722 (Pa. Super. Ct. 1997) (affirming trial court's grant of defendant's motion for summary judgment where janitorial maintenance records indicated person tasked with maintaining area left four hours prior). In Thakrar v. Wegman's Food Market, 75 Pa. D. & C.4th 437, 443 (Pa. Ct. C.P. Northampton Cnty. 2004), the court denied the defendant's motion for summary judgment and noted that the defendant failed to abide by its policy of hourly safety sweeps. In Thakrar, in addition to the failure to complete and document safety sweeps, the defendant's employees testified that they saw "a trail of drops of a similar substance" near the area where the spill was cleaned. Id. at 442-43. This case is unlike Thakrar because Cole

did not provide evidence that the employees observed any hazard in the area before Cole's fall. Without evidence that any employee saw the spill or that the spill was on the ground for any duration, the lack of safety sweep documentation should not be considered by the Court.

Finally, Cole argues that the photographs of the slime show "numerous track marks" indicating a spill that was present for an extended period. Pl.'s Opp'n Defs.' Mot. Summ. J. 17, ECF No. 18. "[T]racking evidence may be used in conjunction with other evidence to show duration . . . ." Felix, 827 F. Supp. 2d at 440. However, if there is no evidence of tracking before the fall, then "the jury could not discern whether [tracking] was caused by another person before Plaintiff's fall, someone responding to Plaintiff's fall, or Plaintiff's fall itself." Id. (citing Craig, 555 F. Supp. 2d at 552).

Here, the photographs were taken after Cole fell. Although the parties have different interpretations of what the photos demonstrate, the disagreement is immaterial because the jury would still have to speculate to determine what caused the tracking. Without evidence of the spill prior to Cole's fall, the photographs do not establish constructive notice.

As set forth above, the record cannot support a finding that Walmart had constructive notice of the conditions at issue and therefore owed a duty to Cole. Because Cole cannot establish

9

the first element of her negligence claim, Walmart is entitled to summary judgment.

**IV.　CONCLUSION**

For the foregoing reasons, the Court will grant Walmart's motion for summary judgment. An order consistent with this memorandum will issue.